## WONG KWAI *v.* LYDIA K. DOMINIS, OTHERWISE KNOWN AS LILIUOKALANI.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 12, 1900.          DECIDED OCTOBER 13, 1900.

FREAR C.J., GALBRAITH, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF PERRY, J., ABSENT.

An oral acceptance by one party of a written offer signed by the other is sufficient to enable the former to enforce specific performance against the latter, notwithstanding the statute of frauds.

A subsequent oral contract may operate as an extinguishment of, or substitution for the original so as to prevent the enforcement of the latter, or as only a modification of it, so as to permit its enforcement, subject to the enforcement also of the modification at the defendant's option.

A contemporaneous oral modification cannot in the absence of fraud, mistake or part performance, be relied on by either party.

In the present case on general demurrer the bill for specific performance is held sufficient on the theory that there was a written offer signed by the party to be charged and accepted orally by the other and that if there was an oral modification it did not operate as an extinguishment of the original contract.

#### OPINION OF THE COURT BY FREAR, C.J.

This is a bill in equity for specific performance of an alleged agreement to lease the Ahupuaa of Lumahai, on the Island of Kauai. The Circuit Judge dismissed the bill on demurrer, and from his decree this appeal is taken.

The agreement sought to be enforced is alleged to consist of an offer contained in a letter from defendant's agent to plaintiff's agent and accepted orally by the plaintiff. A translation of the letter, which is in Hawaiian, is on file as follows:

"W. C. Akana; my regards to you. The offer of $5,000 for

the land of Lumahai for the year is at an end, therefore the highest offer at this date, to wit, is $2,200, and if there is no other higher offer than this, then the land will belong to this person. Therefore, because of my aloha for Wong Kwai, I think you should go and tell him if he has any thought (desire) for the land, then he must give one hundred dollars ($100) over this offer, that is, $2,300 for the year; then the door will close, no person can further bid; and if Wong Kwai should agree then the lease will be made immediately for ten years, the lease beginning on the 1st day of January, A. D. 1900, and the lease shall be made on the following Monday, the 17th, paying at the same time the half of the yearly rental in advance, that is, $1150. If Wong Kwai agrees, then I will immediately draw up the document and sign it right away on the Monday morning and acknowledge it on that day, then that trouble will be at an end. You be quick, I am taking great consideration for his interest, because he is the person who has been on the land for a long time. Your true friend.

(Signed)                                      J. H. HELELUHE.
Washington Place, Oct. 15th, 1898."

Defendant's attorney suggests several changes in the translation, which, if made, would not alter the decision on demurrer and therefore need not be further noticed now.

The plaintiff alleges that Akana acted as his duly authorized agent and Heleluhe as the duly authorized agent of the defendant in this matter.

To show acceptance of the offer assumed to be embodied in the letter the plaintiff alleges:

"2. That upon the date mentioned in said Exhibit 'A,' to wit, on Monday the 17th day of October, the plaintiff met the said Joseph Heleluhe, agent as aforesaid, and accepted and ratified the said agreement so signed by the said Joseph Heleluhe, being Exhibit 'A' hereinbefore referred to, and the said Joseph Heleluhe, acting as the agent and on behalf of said defendant, then and there caused to be prepared and did prepare a lease of said land so proposed to be leased to the plaintiff and embodying the terms and conditions of said lease as in said memorandum contained, with certain other subordinate provisions ordinarily incidental to leases.

"3. That said lease so drafted by said Joseph Heleluhe, with a few slight amendments made by your petitioner, was then and there mutually agreed upon by the said Joseph Heleluhe and

your petitioner as being in conformity with said memorandum of agreement, a copy of which is hereto annexed marked Exhibit 'B' and made a part hereof.

"4.   That the plaintiff has always been ready and is now ready to execute the said lease on his part or any other form of lease which will carry out the terms of said memorandum of agreement."

Exhibit "A" is the letter.   Exhibit "B" is a form of lease, not of the whole land of Lumahai mentioned in the letter, but of that land with reservations or exceptions in favor of the lessor, of ten acres, the stream (excepting only the privilege on the part of the lessee of fishing therein for his own use) trees (except only for lessee's own use as firewood or otherwise) and breadfruit, orange and lime trees.

The defendant urges in support of the demurrer that (1) the letter was not an offer or a memorandum of agreement but merely a friendly communication of advice to make an offer, (2) if it was an offer, it was not accepted upon the terms upon which it was made and (3) if it was an offer and was properly accepted, the contract so made was waived or abandoned and a different agreement made, of which there was no memorandum signed by either party.

We are not prepared to say on demurrer that the letter was not an offer.   It is in effect alleged to have been an offer and it is capable of being construed as an offer.   The circumstances under which it was written might be such as to determine whether it was intended as an offer or not.

Assuming then that the letter might be construed, in the light of the circumstances under which it was written, as containing an offer or a promise to execute a lease such as is therein described in case the plaintiff should offer or agree to pay a rent of $2300 a year, the question arises, whether the plaintiff complied with the condition named and so completed the contract, and, if so, what is the effect of the agreement as to the draft of the lease?

It is obvious that the contract, if there was one, whose terms are supposed to be embodied in the letter is not the same contract, if there was one, whose terms are supposed to be embodied in the draft of the lease.   If the supposed offer contained in the letter

had been simply accepted and no further contract had been made, the court could not by way of enforcing specific performance of the promise contained in the letter, compel an execution of the draft of the lease. To do that it would have to add terms which are not found in the letter and which could not be implied as usual in leases.

The alleged promise contained in the letter was in writing and signed by the agent of the party to be charged. An oral acceptance by the other party would be sufficient. The alleged contract whose terms are supposed to be set forth in the draft was not signed. There is no fraud, mistake or part performance to take it out of the statute of frauds.

Was that contained in the lease a complete extinguishment of and substitution for that in the letter, or a subsequent modification of it, or a contemporaneous modification or variation of it, or was it really the only contract made?

The Circuit Judge held that, if the offer contained in the letter was accepted without qualification, the agreement so made was subsequently waived and abandoned and the modification or new agreement substituted in its place, and that the latter could not be enforced because not in writing as required by the statute. Whether he meant that a subsequent modification in all cases amounted to a waiver or abandonment of the original, or that a subsequent modification of a contract concerning land must in all cases be in writing, is not clear.

There is a distinction between an abandonment and a modification, and in our opinion, on the allegations, if there were two contracts in this case, the one whose terms are contained in the draft of the lease must be regarded as a modification and not a waiver or abandonment of the one whose terms are contained in the letter.

In such case if the former were a subsequent modification of the latter, specific performance could be enforced of the original contract in writing or, at the defendant's option, of the contract as subsequently orally modified. *Robinson v. Page*, 3 Russ. 114; *Price v. Dyer*, 17 Ves. 358. Of course, if there were a waiver or abandonment, neither contract could be enforced,—the first

because extinguished, the second because not in writing; but where there is only a subsequent modification, the plaintiff may call for the enforcement of the original because in writing and not extinguished, and the court, at the desire of the defendant, may as a matter of equity and justice grant the plaintiff specific performance only on condition that he accepts the modification agreed upon. The plaintiff himself may set forth the modification and offer to perform it at the defendant's option, or the defendant may set it up and ask for its performance.

If the one agreement were a contemporaneous modification or variation of the other, it could not be relied on or introduced in evidence by either party, in the absence of fraud, mistake or part performance; for the written agreement would be taken to cover all that the parties agreed upon. Otherwise the rule requiring the agreement to be in writing would be useless. In such case the plaintiff would be entitled to specific performance of the agreement in writing irrespective of the modification.

Was, then, the agreement whose terms are set forth in the draft of the lease a modification, either subsequent or contemporaneous, of one whose terms are supposed to be set forth in the letter, or was it the only agreement made by the parties? If there was only a modification, the original could be enforced as modified or unmodified according as the modification was subsequent or contemporaneous. If there was only one agreement, namely, the one whose terms are set forth in the draft of the lease, it could not be enforced because not in writing signed by the party. In such case we would have to regard the offer, if any, contained in the letter as not having been accepted and the matter as having remained in treaty or negotiation until the terms set forth in the draft of the lease were agreed upon.

Whether there was an original contract and a modification or only one contract is not an easy question to decide on the allegations of the bill. It is a question of the construction of the bill. The rule under the common law was to construe a pleading most strongly against the pleader, but this was applied rather as a last resort when the pleading could not be satisfactorily construed under other rules. In equity, however, as now at law in the code

states, pleadings were construed more liberally, all fair and reasonable intendments being made in favor of the pleading. Again, specific statements control general statements where inconsistent. In this case, it is alleged generally that the plaintiff "accepted and ratified" the agreement supposed to be contained in the letter, and on the other hand it is alleged more specifically that the defendant's agent "then and there" prepared a lease of the land "so proposed to be leased" and "embodying the terms and conditions of said lease as in said memorandum contained" and that said lease was "then and there mutually agreed upon * * * as being in conformity with said memorandum," and that the plaintiff is ready and willing to execute the said lease or any other form of lease "which will carry out the terms of said memorandum"—the memorandum being the letter. It might be inferred from some of these allegations that all the transactions on the 17th of October were contemporaneous, and that the parties understood that there was but one agreement—not one in writing and another orally varying it. It might then be inferred that, since they did agree on the form of the lease, this embodied the one agreement that they understood they had made and that this was the only agreement, in which case there could be no enforcement. But on the other hand it is alleged definitely that the plaintiff accepted the agreement contained in the letter and some of the other allegations indicate that in preparing the form of the lease the parties intended merely to carry out the terms of the letter as they understood them—whether they regarded the exceptions or reservations as included in their idea of the words "the land of Lumahai" contained in the letter, in view of previous conservations or the terms of a prior lease which the plaintiff then held of this land or for some other reason, we cannot say. On the whole, considering that the letter is capable of being construed as an offer and is alleged in substance to have been an offer, that Akana and Heleluhe are alleged to have acted as agents of the respective parties, that the offer is alleged to have been accepted by the plaintiff and that the subsequent allegations are somewhat ambiguous and inconsistent, and that the demurrer is general, we feel that we ought to hold the bill sufficient,

on the theory that there was a contract the terms of which were contained in the letter—whether there was a modification of it, contemporaneous or subsequent, or not.

Accordingly, the decree appealed from sustaining the demurrer and dismissing the bill is reversed and the case remitted to the Circuit Judge for further proceedings.

*C. Brown, F. M. Hatch* and *L. Andrews* for the plaintiff.
*Robertson & Wilder* for the defendant.